IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 11-cv-00216-WDM-KLM

COOPER & CLOUGH, P.C., a Colorado professional corporation,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a National Bank corporation,

    Defendant.

## ORDER ON MOTION TO EXCLUDE

Miller, J.

This case is before me on Plaintiff's Motion to Exclude Defendant's Exhibit 1 from Consideration by the Court in Deciding Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Motion to Exclude), filed March 15, 2011 (ECF No. 16). The motion is fully briefed, and oral argument would not aid my resolution of the parties' arguments. For the reasons that follow, I will grant the motion.

### Background[1]

Plaintiff Cooper & Clough, P.C. (CC) is a law firm based in Denver, Colorado. At all times relevant to this case, CC maintained three accounts with defendant U.S. Bank National Association (USB): a COLTAF trust account, a money market account, and an operating account.

---

[1] The statement of facts is drawn from the Complaint as well as from the Statement of Undisputed Facts in the Scheduling Order (ECF No. 27). I accept the well-pleaded statements in the Complaint as true for purposes of this Order.

On December 16, 2010, CC deposited into its COLTAF account a check in the amount of $290,575 (the Check), which CC had received on behalf of a client. On December 17, CC called USB to determine whether the funds covered by the Check were available for disbursement to CC's client. When USB informed CC that the funds were "available," CC instructed USB to wire the funds, less CC's fee for its professional services, to the client.

Sometime thereafter, USB notified CC that the Check had been written on a closed account. USB then converted funds in all of CC's accounts, including the COLTAF account, to cover the bank wire.

According to the Complaint, CC later learned that USB had dishonored a check written on the COLTAF account.[2] CC contacted USB to inquire about the check and to inform the bank that dishonoring COLTAF account checks would create significant problems for CC with the Colorado Supreme Court. USB's response led CC to believe that its operating account funds could be accessed to cover the dishonored check written on the COLTAF account, and CC issued a replacement check from its operating account. When the replacement check was presented, it too was dishonored.

On December 21, 2010, USB notified the Colorado Supreme Court's Office of Attorney Regulation that CC's COLTAF account had insufficient funds to honor a total of $545,669.60 of checks presented for payment.

CC filed suit against USB in the District Court for the City and County of Denver, alleging seven claims for relief based on the events described above: (1) negligent

---

[2] It is not clear from the Complaint whether the COLTAF check was related to the same client matter as the wired funds.

misrepresentation, (2) deceit based on fraud, (3) conversion, (4) breach of fiduciary duty, (5) injurious falsehood *per se*, (6) punitive damages, and (7) declaratory judgment.[3]

USB removed the case to this Court and, in lieu of filing an answer, moved to dismiss all claims. In support of its arguments for dismissal of CC's claims for negligent misrepresentation and conversion, USB attached a document entitled "Your Deposit Account Agreement" (the DAA). CC now moves to exclude the DAA from my consideration of the motion to dismiss or, in the alternative, for conversion of the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Briefing on the motion to dismiss is stayed pending my resolution of CC's motion.

## Standard of Review

Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The parties here disagree on whether the DAA is a matter "outside the pleadings" for purposes of triggering Rule 12(d). The Tenth Circuit's opinion in *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997), guides my resolution of this issue: "[I]f a plaintiff does not incorporate by reference or attach a document to its compliant, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered

---

[3] The Complaint contains two claims titled "Sixth Claim for Relief." Since filing the Complaint, CC has withdrawn its claim for punitive damages without prejudice. ECF Nos. 30, 31.

on a motion to dismiss." 130 F.3d at 1384. Thus I must look to whether: (1) CC referred to the DAA in its Complaint, (2) the DAA is central to CC's claims, and (3) the copy of the DAA attached to the motion to dismiss is "indisputably authentic." I note that, even if all three criteria are met, it is still within my discretion to consider the DAA in conjunction with resolving the motion to dismiss. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("We agree with our sister circuits that if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials").

## Discussion

CC asserts I should disregard the DAA in my consideration of the motion to dismiss (or, alternatively, convert the motion to one for summary judgment) because none of the *GFF* factors are met, *i.e.*, because the Complaint does not reference the DAA, because none of its claims are based on or implicate the DAA, and because the DAA is not "indisputably authentic." On the issue of authenticity, CC states it did not sign the DAA and that there is no evidence CC ever received a copy of the document prior to this lawsuit.

In response, USB points out that the DAA is relevant to only two claims in the Complaint–negligent misrepresentation and conversion–and that it has no application to USB's arguments for dismissal of the remaining claims.[4] USB contends it was proper for it to attach the DAA to the motion to dismiss because the document is "inextricably intertwined" with CC's claims. Response at 4 (ECF No. 29). Specifically, it argues that the

---

[4] USB asks that if I convert the motion to dismiss to one for summary judgment, I do so only in conjunction with the claims for negligent misrepresentation and conversion, leaving the remaining claims to be addressed under the standards of Rule 12(b)(6).

4

negligent misrepresentation claim turns on the meaning of "available" under the DAA and that the DAA's provision for set off rights eliminates the grounds for the conversion claim. Finally, it contends that the DAA is authentic because the document is not intended to be signed and because it is publicly available from USB or on its website. With regard to CC's reliance on the Tenth Circuit's opinion in *GFF*, USB argues the case's requirement of authenticity applies only to my decision to convert the motion to dismiss to a motion for summary judgment and not to any decision to exclude the document from consideration.

I disagree. In its arguments in support of my consideration of the DAA, USB confuses the notion that the document may be central to its *defenses* to CC's claims with the requirement of *GFF* that the document be central to the *claims themselves*. Here, CC's Complaint makes no reference to the DAA, and the claims for negligent misrepresentation and conversion do not, on their face, rest on the DAA.[5] While USB's defenses to these claims–and perhaps the ultimate resolution of the claims on their merits–may turn on arguments over interpretation of the terms and provisions of the DAA, this is not the situation contemplated by *GFF*.[6]

I conclude that I should not consider the DAA in my resolution of the motion to dismiss. Unlike the letter at issue in *GFF*, the DAA is not mentioned in the Complaint, the claims do not rely on the DAA, and there are obvious disputes regarding the authenticity

---

[5] I note that, in CC's Reply, counsel for CC observes that he had no knowledge of the DAA when drafting the Complaint. Reply at 4 n. 1 (ECF No. 32).

[6] I also disagree that *GFF*'s requirements govern only my decision to convert the motion to dismiss to one for summary judgment. Nothing in the language of the case supports such a bifurcation of the decision to exclude from the decision to convert.

and applicability of the DAA.  *Cf. GFF*, 130 F.3d at 1385 (although letter was not attached to the complaint or incorporated by reference, plaintiff did not dispute authenticity, referred to and quoted from letter in complaint, attached letter as exhibit to response to 12(b)(6) motion, and referred to letter throughout its brief).

The remaining question is whether I should address the motion to dismiss without reference to the DAA or convert the motion to one for summary judgment and allow the parties time to conduct relevant discovery.  Given the early stages of this litigation, particularly of discovery, I decline to convert the motion to dismiss to a motion for summary judgment.[7]  Because there has been no response or reply to the motion to dismiss, and because there are references to the DAA in the introductory portions of the motion as well as in the body of the argument, I will direct USB to refile its motion to dismiss, omitting any reference to or reliance on the DAA.

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Exclude Defendant's Exhibit 1 from Consideration by the Court in Deciding Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed March 15, 2011 (ECF No. 16), is granted.

2. Defendant's Motion to Dismiss (ECF No. 15) is denied without prejudice.

---

[7] Given this decision, I need not address USB's request that I bifurcate the claims for negligent misrepresentation and conversion and address only those claims under the summary judgment standards, leaving the remaining claims to be addressed under Rule 12(b)(6).

3. USB may refile its motion to dismiss without reference to or reliance on the DAA.

DATED at Denver, Colorado, on May 10, 2011.

                                                              BY THE COURT:

                                                              s/ Walker D. Miller
                                                              United States District Judge