IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00216-CMA-KLM

COOPER & CLOUGH, P.C., a Colorado professional corporation,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a National Bank corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Unopposed Motion to Amend Complaint and Reply to Counterclaims** [Docket No. 59; Filed October 13, 2011] (the "Motion to Amend") and Plaintiff's **Unopposed Motion for Extension of Deadlines** [Docket No. 62; Filed October 18, 2011] (the "Motion for Extension"). The deadline for amendment of pleadings was July 29, 2011. *See Scheduling Order* [#27] at 12. Accordingly, the Motion to Amend is untimely.

    Plaintiff seeks to amend its Complaint [#2] and its Reply to Defendant's Counterclaims [#41] "to include alternative claims for Breach of Deposit Account Agreement, Failure to Exercise Ordinary Care/Good Faith under C.R.S. § 4-4-103, Negligence, Breach of Implied Duty of Good Faith and Fair Dealing, as well as a defense to Defendant's counterclaim that the bank materially breached the Deposit Account Agreement, and is therefore precluded from asserting a claim pursuant to it. Plaintiff also

wishes to add the defense of Promissory Estoppel." *Motion to Amend* [#59] at 4-5. Plaintiff further avers that "[a]ll of Plaintiff's amendments are merely alternative theories related to existing claims for relief and defenses, are based on evidence already known or knowable to Defendant, and will not materially change the course of discovery in this matter in any way." *See id.* at 5. In addition, Plaintiff maintains that it did not purposely delay in filing for the amendments for any improper purpose or in bad faith and that Defendant will not be prejudiced by the amendments as evidenced by its consent to the Motion to Amend. *See id.* at 6-7.

"Because Plaintiff filed [its] Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order [#27] under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) (unreported decision); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[1] Plaintiff is entitled to amend its Complaint [#2] only if it makes the requisite showing at each step of the analysis. The Court has explained the two-step analysis as follows:

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (2009) (internal quotation omitted); *cf. Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated." (collecting cases)); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline, but has not done so in the context of an amendment to the complaint" (internal citation omitted)).

> Rule 16(b)'s good cause standard is much different [from] the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Once Plaintiff has shown good cause for modifying the scheduling order, [it] must also satisfy the requirements of Rule 15(a) for amending the pleadings." *Nicastle*, 2011 WL 1465586, at *2. If Plaintiff fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Id.* at *3; *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

### A. Good Cause to Modify the Pleading Amendment Deadline

Plaintiff filed its Motion to Amend on October 13, 2011, approximately two-and-a-half months after the expiration of the pleading amendment deadline established in the Scheduling Order [#27]. Plaintiff contends that it has good cause for filing the Motion to Amend after the expiration of the deadline. On July 11, 2011, Defendant produced "several

hundred pages of documents that pertained to Plaintiff's accounts, the counterfeit check, the outgoing wire, Defendant's investigation, and correspondence," including the Deposit Account Agreement.  *Motion to Amend* [#59] at 3-4.  Soon thereafter, Plaintiff submitted Defendant's counterclaims to its insurance carrier, which then required Plaintiff to retain new counsel pursuant to the terms of its insurance policy.  *See id.* at 4.  Plaintiff's new counsel entered an appearance in this matter on August 17, 2011, after expiration of the amendments deadline.  *See id.*  Plaintiff asserts that evidence discovered within the Deposit Account Agreement and through retained experts, all of which occurred after the deadline, supports its amendments.  *See id.*

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that [it was] diligent in attempting to meet the [pleading amendment] deadline, which means [it] must provide an adequate explanation for any delay."  *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does).  First, Plaintiff took action prior to expiration of the pleading amendment deadline to obtain discovery pertaining to the amendments.  Second, the Court would be remiss not to acknowledge that Plaintiff was required to retain new counsel by an outside source, its insurance company, around the time of the amendment deadline, immediately after receiving a large amount of discovery that contained information leading Plaintiff to request these amendments.  Third, while surprise to Defendant is not a traditional consideration in determining whether a party has been diligent, here the Court notes that Defendant is unopposed to the Motion to Amend and that, according to Plaintiff,

"all of Plaintiff's amendments are merely alternative theories related to existing claims for relief and defenses, are based on evidence already known or knowable to Defendant, and will not materially change the course of discovery in this matter in any way." *Motion to Amend* [#59] at 5.

While it cannot be denied that Plaintiff should have sought an extension of the pleading amendment deadline prior to its expiration, the Court is inclined to allow amendment of the answer here. To be clear, the Court does not condone Plaintiff's delay and failure to follow the Court deadline. Nevertheless, the Court does not view this as the type of carelessness that the good cause standard is meant to address. *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001). Although an exceedingly close call, the Court finds that Plaintiff has provided good cause for requesting leave to amend outside the pleading amendment deadline.

### B. Rule 15(a) Requirements

The Court next turns to Rule 15(a) and whether justice would be served by permitting amendment. In situations where the request falls outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182. The Court notes that while Plaintiff's Motion to Amend came after the pleading amendment deadline expired, it came well before the expiration of the discovery deadline. Moreover, the amendments are unopposed by Defendant and thus Defendant will not be unduly prejudiced. Although Plaintiff delayed, and the Court finds that it did not give appropriate deference to a Court deadline, the Court does not find that this history

evidences an <u>undue</u> delay.  Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion to Amend [#59] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Proposed Amended Complaint [#59-1] and Amended Reply to Defendant's Counterclaims [#59-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **November 7, 2011**.

IT IS FURTHER **ORDERED** that the Motion for Extension [#62] is **GRANTED**.  The Scheduling Order entered on April 4, 2011 [#27] and amended on June 23, 2011 [#44] is further modified to reflect the following new deadlines:

- Discovery Deadline                                              **February 17, 2012**
- Dispositive Motions Deadline                           **March 16, 2012**

IT IS FURTHER **ORDERED** that the Final Pretrial Conference, set for March 5, 2012 at 10:00 a.m., is **VACATED** and **RESET** to **May 15, 2012** at **10:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **May 10, 2012**.  The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office.  However, if any party in this case is

participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website.**

Dated: October 26, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge